On appellant's reconsideration of decision of Supreme Court filed August 20, 1985 (299 Or 592, 705 P2d 712); reconsideration allowed, former decision modified November 26, 1985

REYNOLDS METALS COMPANY,
*Respondent on Reconsideration,*

*v.*

DEPARTMENT OF REVENUE,
*Petitioner on Reconsideration.*

(OTC 1895; SC S30875)

709 P2d 710

Dave Frohnmayer, Attorney General, and G. F. Bartz, Assistant Attorney General, Salem, for petitioner on reconsideration.

Allan Hart, Lindsay, Hart, Neil & Weigler, Portland, for respondent on reconsideration.

LENT, J.

**LENT, J.**

The Department of Revenue (Department) has petitioned for reconsideration of a portion of our opinion and decision in *Reynolds Metals Co. v. Dept. of Rev.,* 299 Or 592, 606-607, 705 P2d 712, 720-721 (1985). The Department claims we erred when we held that ORS 307.405 exempts pollution control facilities to the figure certified by the Environmental Quality Commission rather than the true cash value of the pollution control facilities. In that opinion we assumed for the sake of argument that certain contentions were before us. We shall now address exactly what was before us on the record made in this case as it progressed from the county assessor to this court.

The Multnomah County Assessor, based on an appraisal by employees of the Department, found the true cash value, including the pollution control equipment, of the taxpayer's plant to be $70,308,100.[1] Those employees of the Department appraised the pollution control equipment at a true cash value of $28,538,390. The assessor added the true cash value of the land to the true cash value of the plant, making $72,090,040. The assessor then deducted the true cash value of the pollution control equipment to arrive at a figure of $43,551,650. That figure was then multiplied by 0.876[2] to arrive at the assessed value of $38,151,245.

The taxpayer appealed to the Board of Equalization, contending that the true cash value of the plant should be reduced, that the amount of the pollution control equipment exemption should be $28,009,900[3] and that this amount should be deducted from the assessed value of the taxpayer's property rather than from the true cash value of the property.

The Board of Equalization found that the true cash value of the plant, including pollution control equipment,

---

[1] As we noted in the original opinion, *Reynolds Metals Co. v. Dept. of Rev.,* 299 Or 592, 595, 705 P2d 712, 714 (1985), the taxpayer did not question the true cash value of the land as being $1,781,940.

[2] At that time the assessed value of property in Multnomah County was 87.6% of true cash value.

[3] The taxpayer's use of this figure is puzzling. Perhaps it came from the true cash value of pollution control equipment for the previous tax year.

should be reduced to $66,038,390 and held against the taxpayer on its other contentions. Pursuant to the Board's ruling, the assessor added the true cash value of the land to the reduced true cash value of the plant, making a total true cash value of land and improvements in the amount of $67,820,330. From that figure the assessor deducted the true cash value of the pollution control equipment, namely, $28,538,390, establishing a true cash value after exemption of $39,281,940, which was then multiplied by 0.876 to arrive at a figure of $34,410,970 for assessed value after exemption.[4]

The taxpayer then appealed to the Director of the Department, contending that the true cash value of its plant was less than that found by the Board, that the figure of $28,009,900 was the proper dollar amount for pollution control equipment exemption and that this figure should be deducted from assessed value rather than true cash value. The Director affirmed the Board as to the true cash value of the plant, found that the proper amount for pollution control equipment exemption was $28,538,390 and affirmed that this amount was to be deducted from the true cash value of the land and plant before multiplying by 0.876 to fix assessed value of the property.

The taxpayer then brought this action in the Oregon Tax Court, once again contending for a lower evaluation of its plant, and alleging:

> "Reynold's certified pollution control equipment exemption in the above sum of $28,009,900.00 should be deducted from the assessed value of the Plant Equipment, not from the true cash value thereof."

By its answer in that court, the Department denied the quoted allegation but made no affirmative allegations. The judge of the Tax Court held a pretrial conference and caused a journal entry in the Tax Court file that the "parties agreed"

> "That the issue of which value the certified pollution control equipment was to be deducted from was solely a legal issue resolvable by filing briefs, preferably before trial."

There is no other mention of any aspect of this issue concerning pollution control equipment.

---

[4] That figure seems to be low by seven dollars, but that is *de minimis*.

As we noted in our original opinion in this case, 299 Or at 606, 705 P2d at 721, the Tax Court held that the figure of $28,009,900 was the proper figure for exemption purposes and held that it was to be deducted from true cash value rather than assessed value. The Tax Court labeled that figure as being the total of certificates granted to the taxpayer by the Environmental Quality Commission for pollution control equipment. The taxpayer did not appeal.

■ The Department appealed, contending that it was the true cash value of the pollution control equipment that fixed the amount of exemption rather than the "total certificated cost." We held, assuming for the sake of argument that the matter was properly before us, that

"ORS 307.405 exempts these facilities to the figure certified by the Environmental Quality Commission, namely $28,009,900."

299 Or at 606, 705 P2d at 721. We are now convinced the matter was not properly before us. The pleadings and the pretrial agreement of the parties only put in issue whether the figure of $28,009,900 was to be deducted from true cash value or from assessed value. We withdraw the foregoing portion of our opinion and all findings and holdings resulting therefrom.

■ We affirm the Multnomah County Assessor, the Board of Equalization, the Director of the Department and the Tax Court that the amount of exemption is to be deducted from true cash value rather than assessed value. Because the taxpayer contended in the Tax Court and in this court that the proper dollar figure was $28,009,900 rather than the figure of $28,538,390 allowed as exemption at all levels below the Tax Court, we allow only the lower figure as the amount of exemption.

This case is remanded to the Oregon Tax Court to modify its judgment in accordance with this opinion and those parts of our original opinion not withdrawn herein. Neither party shall have costs in this court.